IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALBERTO TREJO, #266435, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:20-CV-286-RAH |
| ) | |
| UNITED STATES OF AMERICA and ) | |
| ALA. DEPT. OF CORRECTIONS, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a document filed by Alberto Trejo, a state inmate currently incarcerated at the Fountain Correctional Facility, which the court now construes an amended complaint. Doc. 16.[1] In the amended complaint, Trejo challenges the constitutionality of actions which have occurred or are now occurring at the Fountain Correctional Facility. Doc. 16.

Upon review of the amended complaint and in light of the claims presented therein, the undersigned finds that this case should be transferred to the United States District Court for the Southern District of Alabama pursuant to pursuant to 28 U.S.C. § 1404(a).

**II. DISCUSSION**

A 42 U.S.C. § 1983 "civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is

---

[1] The court entered orders requiring Trejo to file an amended complaint. Doc. 8 & Doc. 11. The court therefore construes the instant document, Doc. 16, as Trejo's amended complaint.

1

located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).  However, the law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]"  28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1406(a) (When a case is filed "laying venue in the wrong division or district" the court may, "if it be in the interest of justice, transfer such case to any district . . . where it could have been brought.").

Fountain Correctional Facility is located within the jurisdiction of the United States District Court for the Southern District of Alabama.  Thus, the actions made the basis of the amended complaint occurred in the Southern District of Alabama.  It likewise appears to the court that the defendants personally responsible for the actions about which Trejo complains, including his current custodian, reside in the Southern District of Alabama.  Moreover, it further appears that the majority of witnesses and evidence associated with the claims raised in the amended complaint are located in the Southern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice this case should be transferred to the United States District Court for the Southern District of Alabama for review and disposition.[2]

---

[2] In transferring this case, the court makes no determination with respect to the merits of the claims presented in the amended complaint.

### III.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama as permitted by applicable federal law.

On or before **August 27, 2021**, the parties may file objections to this Recommendation.  The parties must specifically identify the factual findings and legal conclusions contained in the Recommendation to which his objection is made.  Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 13th day of August, 2021.

                                      /s/ Charles S. Coody
                                 UNITED STATES MAGISTRATE JUDGE